# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA VALDEZ PINEDA, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,[1] Commissioner of Social Security, <br><br> Defendant. | Case No.: 1:18-cv-01086-BAM <br><br> **ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## **INTRODUCTION**

Plaintiff Ramona Valdez Pineda ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[2]

---

[1] Andrew M. Saul is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.
[2] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 10, 13.)

1

Having considered the briefing and record in this matter, the Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for disability insurance benefits on July 25, 2014. AR 188-94.[3] Plaintiff alleged that she became disabled on August 15, 2013, due to back pain, leg pain, wrist pain and high blood pressure. AR 226. Plaintiff's application was denied initially and on reconsideration. AR 85-88, 92-96. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ Sharon L. Madsen held a hearing on March 21, 2017, and issued an order denying benefits on July 6, 2017. AR 15-30, 36-54. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.

### Hearing Testimony

The ALJ held a hearing on March 21, 2017, in Fresno, California. Plaintiff appeared with her attorney, Mr. Lars Christenson, and testified with the assistance of an interpreter. Robin Scher, an impartial vocational expert ("VE"), also appeared at the hearing. AR 22, 38.

In response to questions from the ALJ, Plaintiff testified that she has a fourth-grade education from Mexico. She does not have a driver's license and does not understand any English. She lives with her daughter. AR 40-41.

When asked about her daily activities, Plaintiff testified that she needs a little help to bathe. She hardly does any household chores, but she will go shopping with her walker. She does not have any social activities. When she is at home, she watches her daughter's children who are 9, 10, 13, and 16. She also watches television and takes naps. AR 41-42.

When asked about her work history, Plaintiff testified that she did field work, picking and packing. She also worked in a donut factory washing dishes and cleaning. AR42-43.

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

When asked about her medical problems, Plaintiff testified that her lower back pain is constant. Walking and sitting are difficult for her. She uses the ointment that the doctor prescribed, and she takes Tramadol and Celebrex. Her medications help a "little bit." AR 43-44. She has had some injections, which did not help, and she is scheduled to see a specialist for her back. AR 44. Plaintiff also testified that she has pain in her neck, hands and wrists. She has received therapy for her hands with no change in pain, and she does not qualify for hand braces. She had surgery on her shoulder in 1990, but it did not help at all. AR 46. She also takes medication for her high blood pressure, but it is not doing well. AR 45-46.

When asked about her abilities, Plaintiff testified that she cannot carry a gallon of milk and one or two pounds is difficult. She can sit about 10 or 15 minutes with medication. She can stand less than five minutes and can walk five minutes or less without her walker. She uses her walker when she goes outside, but it was not prescribed by a doctor. AR 46-47. She has trouble bending over and cannot climb stairs. She can pick up small objects. AR 47.

Following Plaintiff's testimony, the ALJ elicited testimony from the VE Robin Scher. The VE characterized Plaintiff's past work in the donut shop as fast food worker. The VE characterized Plaintiff's other past work as harvest worker-fruit and cleaner-hospital. AR 50-51. The ALJ asked the VE hypothetical questions. For the first hypothetical, the ALJ asked the VE to assume a hypothetical person of the same age, education and work background. This person could lift and carry 20 pounds occasionally, 10 pounds frequently, sit, stand or walk six to eight with occasional stooping, crouching, crawling, climbing and kneeling. The VE testified that such a person could perform Plaintiff's past work as a fast food worker. AR 51-52.

For the second hypothetical, the ALJ asked the VE to add to the first hypothetical occasional overhead reaching bilaterally and occasional handling and fingering bilaterally. The VE testified that such limitations would preclude much employment. AR 52.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

///

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 21-30. Specifically, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since August 15, 2013, her alleged onset date. AR 23. The ALJ identified lumbar degenerative disc disease, cervical degenerative joint disease, right hand degenerative joint disease and obesity as severe impairments. AR 23-24. The ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 24. Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work and could lift and carry 20 pounds occasionally, 10 pounds frequently, could sit, stand, or walk 6 to 8 hours, but could only occasionally stoop, crouch, crawl, climb, and kneel. AR 24-30. With this RFC, the ALJ found that Plaintiff could perform her past relevant work as a fast food worker. The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act. AR 30.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[4]

Plaintiff contends that the ALJ erred by (1) improperly evaluating opinion evidence from Spencer Packer PA-C and Dr. Tomas Rios; and (2) improperly evaluating Plaintiff's subjective complaints.

**A. The ALJ Did Not Err in Evaluating the Opinion Evidence from PA Packer**

Plaintiff first argues that the ALJ improperly rejected the opinion of Spencer Packer, PA-C, her primary treatment provider. The Court disagrees.

PA Packer completed a Physical Medical Source Statement form on May 18, 2016. He indicated that Plaintiff had been diagnosed with rheumatoid arthritis and her symptoms included pain, swelling and hand stiffness. AR 409. PA Packer identified clinical findings of bilateral forearm deformity and mild deformity of the 1st digit of Plaintiff's right hand. AR 409. He opined that Plaintiff could walk 2 city blocks without rest or severe pain, could sit about 4 hours in an 8-hour working day and stand/walk less than 2 hours in an 8-hour working day. She would need to take unscheduled breaks 1-2 times/day for 10-15 minutes each. AR 410. She must use a cane or other hand-held assistive device when standing/walking for imbalance, pain and weakness. She could lift and carry less than 10 pounds

---

[4] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

frequently and 10 pounds occasionally. She could occasionally twist and stoop, but rarely crouch, climb stairs or climb ladders. In an 8-hour working day, she could grasp, turn and twist objects with her hands 25% of the day, perform fine manipulations bilaterally 25% of the day, reach forward bilaterally 50% of the day and reach overhead bilaterally 25% of the day. AR 411. She would be off task about 10% of a typical workday and likely would be absent about 2 days per month because of her impairments or treatment. AR 412.

Under the regulations then-applicable to Plaintiff's claims, as a physician's assistant, PA Packer is not an "acceptable medical source," but rather an "other source."[5] *See Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014) (acceptable medical sources are generally limited to physicians and other qualified specialists); 20 C.F.R. 404.1513(d) ("other sources" include nurse practitioners and physicians' assistants). Although required to consider evidence from "other sources," an ALJ may discount testimony from these other sources by providing reasons "germane to each witness for doing so." *See Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016); *Molina*, 674 F.3d at 1111.

Here, the ALJ assigned PA Packer's opinion "little weight," reasoning as follows:

> These limitations are extreme and not consistent with the fairly routine and conservative course of pain medications that the claimant had in the primary care record. It is not supported by consistent notations that the medication helped improve her activities of daily or the objective findings on clinical examinations. Although the claimant had some hand therapy, her presentation was inconsistent, and although she did have lumbar injections and possible surgery, she remained neurologically intact on clinical examinations of record.

AR 29.

The ALJ did not err by according little weight to PA Packer's opinion due to evidence of routine and conservative care in Plaintiff's primary care record. A conservative treatment history is a sufficiently germane reason for discounting an "other source" opinion. *See Mannina v. Berryhill*, No. 2:17-CV-01850-AC, 2019 WL 446405, at *6 (E.D. Cal. Feb. 5, 2019) (finding ALJ provided a sufficiently germane reason for discounting the severe limitations assessed by an "other source" where

---

[5] Prior to March 2017, physicians' assistants were not classified as an "acceptable medical source." *See* 20 C.F.R. § 404.1502(a)(8) (including licensed physicians' assistants as acceptable medical sources for impairments within their licensed scope of practice "only with respect to claims filed ... on or after March 27, 2017"). Instead, physicians' assistants were defined as "other sources" not entitled to the same deference as an "acceptable medical source." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

that opinion was inconsistent with the conservative treatment pursued by the claimant); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (finding inconsistency with medical evidence of record is typically a "germane" reason for discounting other source testimony). The ALJ's conclusion that the conservative treatment pursued in this case is inconsistent with the severe limitations assessed by PA Packer is supported by substantial evidence in the record. For instance, primary care treatment records generally reflected only pain medications. *See e.g.*, AR 320, 324, 327, 330, 362, 365, 367, 369, 373, 375, 378, 380-81, 383, 396, 398.

Although the claimant had some hand therapy, her presentation, as acknowledged by the ALJ, was inconsistent. AR 29. During grip testing by the physical therapy provider, Plaintiff was unable to produce any force, but she was observed holding her phone, playing a game on her phone, gripping her walker and learning on her walker for support. AR 27, 406-07. Plaintiff also reported no improvement with therapy, but examination showed significant increased active range of wrist motion and pinch strength. Plaintiff also made inconsistent statements to the rehabilitation aide that she was not having pain, but then reported to the therapist that she was having pain. The therapist additionally noted that Plaintiff at times reported that she had no pain and otherwise reported that she had unrelenting pain. AR 27, 426-27.

Further, while Plaintiff had lumbar injections with decreased pain, she inconsistently reported no improvement from injections to her primary care provider. AR 29, 25, 382, 402. She also had a recommendation for lumbar surgery. However, as the ALJ pointed out, such recommendation for lumbar decompressive surgery and the injections occurred despite Plaintiff being found neurologically intact on clinical examinations. AR 438-39. Indeed, the examination record associated with the recommendation for surgery alone showed that Plaintiff was able to stand on her tiptoes and heels without difficulty, she had no motor deficit in her upper or lower extremities, her sensory examination was grossly intact and her straight leg raising was negative. AR 439.

The ALJ also considered that Plaintiff's medications improved her activities of daily living. AR 29. Evidence in the record that Plaintiff's medications were improving her condition qualify as a germane reason for discounting PA Packer's opinion. *See*, *e.g.*, *Roy v. Colvin*, 656 Fed. App'x 816, 818 (9th Cir. 2016) (finding claimant's improvement with treatment was germane reason to discount the

validity of "other source" opinion of therapist). As determined by the ALJ, the treatment record consistently reflected that Plaintiff's medications improved her activities of daily living. AR 361 ("medications help with ADLs"); 363 ("medications help with ADLs"), 365 ("medications help with ADLs"), 367 (medication helps with pain allowing for increased ADLs; pain medications help ADLs), 369, 371, 396, 398 (able to clean her home, drive, cook, bathe/dress).

Additionally, the ALJ discounted PA Packer's opinion because it was inconsistent with objective findings on clinical examination. The fact that an "other source" opinion is inconsistent with objective medical evidence in the record is a germane reason to discount it. *Bayliss*, 427 F.3d at 1218 (9th Cir. 2005); *Molina*, 674 F.3d at 1112 (finding ALJ properly rejected opinion of physician's assistant based on inconsistency with objective medical evidence); *see also Shorter v. Saul*, 777 F. App'x 209, 211 (9th Cir. 2019) (finding ALJ properly rejected other source opinion of nurse practitioner based on inconsistency with objective medical evidence, including treatment notes showing largely unremarkable examinations and findings of improvement with medication). On examination, Plaintiff had mildly antalgic gait, lumbar tenderness with muscle spasms, and reduced range of motion in the lower back. AR 26, 27, 70, 325-337, 344-346, 398, 413-431. An MRI of her lumbar spine in December 2016 showed multilevel advanced degenerative disk disease with severe spinal canal stenosis and severe narrowing of lateral recesses at L4/5, along with moderate-severe degenerative disk and facet spondylitic changes present at L2/3, L3/4, and L5/S1. AR 428-29. However, on examination, she had the ability to stand on her heels and toes, full strength in the lower extremities and other muscle groups, intact sensation, unremarkable range of motion and stability in the knees, negative straight leg raising test, and otherwise no problems with legs or wrists. AR 26-29, 60, 70, 344-346, 398, 402, 439. She also had increased grip and pinch strength with therapy. AR 427.

Based on the above, the Court finds that the ALJ provided sufficiently germane reasons for discounting the opinion of PA Packer.

**B. The ALJ Provided Specific and Legitimate Reasons to Discount the Opinion of Dr. Tomas Rios**

Plaintiff next argues that the ALJ erred in his evaluation of the opinion of Dr. Tomas Rios, the consultative examiner.

On October 24, 2014, Dr. Rios conducted a consultative internal medicine evaluation of Plaintiff's condition. Plaintiff reported to Dr. Rios that she drives on a limited basis, helps without household chores to limited extent and is independent with her activities of daily living. AR 343-44. On physical examination, Plaintiff was able to get on and off the examination table with minimal difficulties and ambulated with a slight limp on the right side. AR 344. Her station was normal, but she had difficulty with tandem gait due to pain in her knee, but Romberg was negative. She did not use an assistive device. AR 345. Straight leg raising was negative to 80 degrees bilaterally from both seated and supine position. *Id.* Examination of Plaintiff's back revealed diffuse tenderness along the lumbar spine and spasms were observed in the paralumbar muscles. There were no findings of root compromise. Examination of her knees revealed crepitus bilaterally and tenderness. Plaintiff reported pain with end range of motion of her shoulder, but no impingement sign was noted. Her motor strength was 5/5 throughout her upper and lower extremities and she had normal grip strength of 5/5 without atrophy or spasm. AR 346.

Following the examination, Dr. Rios diagnosed Plaintiff with degenerative disc disease, status post left shoulder surgery and osteoarthritis. AR 346. Dr. Rios opined that Plaintiff could stand/walk for six hours, sit without limitation, and she did not require an assistive device. She could lift/carry 20 pounds occasionally and 10 pounds frequently, could occasionally climb and crawl, and could frequently balance, stoop, kneel and crouch. AR 346. Dr. Rios further opined that Plaintiff had manipulative limitations on the right and could only perform occasional reaching, handling, fingering and feeling, while on the left she could perform frequent reaching, handling, fingering and feeling. She had no other workplace limitations. AR 347.

Plaintiff asserts that the ALJ did not provide sufficient reasons for discounting Dr. Rios' opinion. The Court disagrees.

Cases in this circuit identify three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). As a general rule, more weight should be given to the opinion of a treating source than to the opinions of doctors who do not treat the claimant. *Id.* Where a treating

physician's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Id.* If the treating physician's opinion is contradicted by another doctor, the Commissioner must provide "specific and legitimate" reasons supported by substantial evidence in the record to reject this opinion. *Id.*

As with a treating physician, the Commissioner also must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Lester*, 81 F.3d at 830. If contradicted, the opinion of an examining physician can only be rejected for "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* at 830-31. The opinion of a nonexamining physician alone is not substantial evidence that justifies the rejection of the opinion of either a treating or examining physician. *Id.* at 831.

In this instance, Dr. Rios' opinion arguably was contradicted by the state agency physicians, who opined that Plaintiff was capable of light work with occasional postural activities, except for unlimited balancing. AR 60-62, 72-73. As a result, the ALJ could only discount Dr. Rios' opinion for specific and legitimate reasons that are supported by substantial evidence in the record.

Here, the ALJ assigned Dr. Rios' opinion "partial weight" and reasoned as follows:

> Dr. Rios performed a clinical examination, and a finding that the claimant is capable of light work with occasional postural activities is consistent with findings that take into account the claimant's degenerative disc disease and arthritis such as mildly antalgic gait, pain with joint range of motion, and low back tenderness and reduced range of motion. However, Dr. Rios' examination does not support a limitation on manipulative activities, as specifically noted by the State agency medical consultants. She had normal grip and pinch strength (Ex. 1A/6) The claimant does have hand arthritis, which is accommodated by lifting restrictions, but her presentation regarding this was inconsistent in the physical therapy records, as she was observed to be playing games on her cell phone, which weighs against fining manipulative limitations. (EX 5F; 8F; 10F).

AR 29.

In this instance, the Court finds that the ALJ provided specific and legitimate reasons for discounting Dr. Rios' opinion regarding Plaintiff's manipulative limitations. The ALJ first discounted Dr. Rios' additional manipulative limitations because they were unsupported by objective findings. AR 29. An ALJ properly may discount an examining doctor's opinion when it is inconsistent with or unsupported by the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195

(9th Cir. 2004) (finding that an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings). Dr. Rios' physical examination with respect to Plaintiff's upper extremities was fairly normal. As noted by the ALJ, Dr. Rios' examination showed that Plaintiff had normal grip strength. AR 346. She also had full strength in the upper extremities, intact sensation in all extremities, no impingement in the right shoulder, and had mostly full joint range of motion. *Id.* Medical records additionally reflected that Plaintiff had significantly increased range of motion and pinch strength following hand therapy. AR 426-27. The range of motion in her bilateral wrists was within functional limits and she could close her fingers to the DPC joint. AR 27, 407.

Plaintiff contends that Dr. Rios' manipulative limitations are supported by the objective findings, citing diagnostic records of Plaintiff's right hand osteoarthritis, including x-rays of her right hand showing multifocal osteoarthrosis, severe in the first carpometacarpal joint and mild to moderate in the finger distal interphalangeal joints and the thumb IP joint, along with a description of a swan neck deformity at the ulnar carpal region and tenderness to palpation bilaterally. AR 378, 383, 392. Plaintiff's citation to these records is not persuasive. Mere diagnosis alone is insufficient to establish the presence of disabling functional limitations. *See Matthew v. Shalala*, 10 F.3d 678, 680 (9th Cir.1993). Therefore, even though the ALJ agreed with Plaintiff's diagnosis of hand arthritis, this does not mean that she was disabled, and the ALJ accommodated any resulting functional limitations with lifting restrictions. AR 29.

Additionally, the ALJ discounted Dr. Rios' manipulative limitations because of Plaintiff's inconsistent presentation while undergoing hand therapy. AR 29. As indicated, the ALJ may properly discount a medical opinion that is contradicted by other evidence in the record. *Batson*, 359 F.3d at 1195. According to the record, during grip testing while undergoing hand therapy, Plaintiff was unable to produce any force, but during the same appointment, she was observed holding her phone, playing a game on her phone, gripping her walker and leaning on her walker for support. AR 406-07. Plaintiff also reported no improvement with therapy, but examination showed significant increased active range of wrist motion and pinch strength. Plaintiff also made inconsistent statements to the rehabilitation aide that she was not having pain, but then reported to the therapist that she was having

pain. The therapist further noted that Plaintiff at times reported that she had no pain and otherwise reported that she had unrelenting pain. AR 426-27. The ALJ could reasonably find that Dr. Rios' opinion regarding manipulative limitations was not supported by Plaintiff's inconsistent presentation. Moreover, it is the role of the ALJ to resolve conflicts and ambiguity in the evidence. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Where, as here, evidence is susceptible to more than one rational interpretation, the ALJ's conclusion will be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### C. The ALJ Properly Evaluated Plaintiff's Subjective Complaints

As a final matter, Plaintiff argues that the ALJ erred in her evaluation of Plaintiff's subjective complaints by failing to consider Plaintiff's steady work history. (Doc. 21-2 at 23-24.)

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson*, 359 F.3d at 1196. First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but rejected her statements concerning the intensity, persistence and limiting effects of those symptoms. AR 25. The ALJ was therefore required to provide specific, clear and convincing reasons for discounting Plaintiff's testimony.

The Court finds that the ALJ provided several specific, clear and convincing reasons for discounting Plaintiff's testimony. First, the ALJ discounted Plaintiff's statements based on the objective medical evidence. Although lack of supporting medical evidence cannot form the sole basis for discounting testimony, it is a factor that the ALJ can consider. *See Burch*, 400 F.3d at 681. As to the medical evidence regarding Plaintiff's back, the ALJ found that Plaintiff "had examination findings such as lumbar tenderness, although lumbar range of motion was at times normal, including in the more recent primary care treatment notes." AR 28; *see*, *e.g.*, AR 330 ("full range of motion"),

12

344-346, 417 (tenderness but "full range of motion" in December 2016), 419 (tenderness but "full range of motion" in January 2017), 439). Additionally, the ALJ considered Plaintiff's allegations that she uses a walker outside of the house, but the objective evidence did not support the use of a walker because Plaintiff's lower extremities were neurologically intact with full strength and ability to stand on heels and toes. AR 28, 439. Further, the walker, which she used primarily outside, was not prescribed by a physician. AR 46-47. As to the medical evidence regarding Plaintiff's hand, the ALJ also found that Plaintiff had mild joint deformity of the hand, but that her "objective hand findings improved significantly with therapy." AR 28, 426-27. She also exhibited full grip strength during the consultative examination, range of motion in the wrists, and ability to close her fingers to the DPC joint. AR 344-46, 406, 407.

Second, in addition to the objective medical evidence, the ALJ discounted Plaintiff's subjective allegations because her reported activities were not consistent with her alleged limitations. AR 28. An ALJ can properly discount a claimant's subjective complaints when the daily activities demonstrate an inconsistency between what the claimant can do and the degree that disability is alleged. Molina, 674 F.3d at 1112–1113. Here, the ALJ considered that Plaintiff was able to travel to Mexico. AR 28, 292, 328. The ALJ also considered Plaintiff's reports that she was independent with activities of daily living, could drive, and had a limited ability for chores and grocery shopping. AR 28, 343-44. Even where Plaintiff's activities suggest some difficulty functioning, as noted by the ALJ, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment. *Molina*, 674 F.3d at 1113.

Third, the ALJ also appropriately considered that Plaintiff's medications improved her functioning and activities of daily living. AR 28. The effectiveness of medication or treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."). Impairments that can be effectively controlled by medication or treatment are not considered disabling for purposes of Social Security benefits. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). As discussed in connection with PA Packer's opinion, treatment records consistently reflected that

13

| | |
|---|---|
| 1 | Plaintiff's medications improved her activities of daily living. AR 361, 365, 367, 369, 371, 396, 398. |
| 2 | Treatment records also reflected that Plaintiff's hands and wrists improved with physical therapy. AR |
| 3 | 426-27. |
| 4 | Fourth, the ALJ discounted Plaintiff's subjective allegations based on Plaintiff's fairly |
| 5 | conservative and stable treatment. AR 28. The Ninth Circuit has indicated that evidence of |
| 6 | conservative treatment is sufficient to discount a claimant's testimony regarding severity of an |
| 7 | impairment. Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007). In this instance, the ALJ cited |
| 8 | evidence that Plaintiff's medication had "been fairly stable, with few medication changes, and she |
| 9 | later stopped taking Norco narcotic medication." AR 28. As discussed above, the ALJ's finding that |
| 10 | Plaintiff pursued a conservative course of treatment is supported by substantial evidence. |
| 11 | Fifth, the ALJ discounted Plaintiff's subjective complaints because of inconsistencies in her |
| 12 | presentation during physical therapy for her hand. AR 28. An ALJ may validly reject a claimant's |
| 13 | testimony based on inconsistent statements and presentation. *See, e.g., Ghanim*, 763 F.3d at 1163; |
| 14 | *Rodriguez v. Berryhill*, No. 1:15-CV-01199-JLT, 2017 WL 1054782, at *10 (E.D. Cal. Mar. 20, 2017) |
| 15 | (finding ALJ's identification of inconsistent statements made by the claimant, as well as |
| 16 | inconsistencies between her statements and presentation, supported ALJ's assessment of claimant's |
| 17 | subjective allegations). As discussed above in connection with PA Packer, the ALJ's finding |
| 18 | regarding Plaintiff's inconsistent presentation is supported by substantial evidence. |
| 19 | Generally, Plaintiff does not challenge the ALJ's findings or reasoning with respect to |
| 20 | Plaintiff's subjective testimony. Plaintiff primarily contends that ALJ committed reversible error in |
| 21 | evaluating her testimony by failing to consider her strong work history. However, "courts have |
| 22 | rejected the contention that the ALJ is required to address a claimant's exemplary work history in |
| 23 | assessing her credibility." *Coffman v. Berryhill*, No. 2:17-cv-2088 CKD, 2018 WL 6419676, at *6 |
| 24 | (E.D. Cal. Dec. 6, 2018) (quotation omitted) (collecting cases); *see also Goldman v. Berryhill*, No. |
| 25 | 2:17-cv-2450 DB, 2019 WL 498996, at *5 (E.D. Cal. Feb. 8, 2019); *Smith v. Colvin*, No. 11-3045, |
| 26 | 2013 WL 1156497, at *7 (E.D. Cal. Mar. 19, 2013) (rejecting claimant's argument that ALJ was |
| 27 | required to consider good work history; noting lack of authority "suggesting an ALJ is bound to make |
| 28 | a certain credibility determination based on a lengthy or 'good' work history"); *Henderson v. Colvin*, |

No. 14-870, 2015 WL 5768934, at *6 (C.D. Cal. Sept. 30, 2015) ("Plaintiff's assertion that his fairly 'consistent and continuous employment for 32 years' is necessarily probative of his credibility is equally unconvincing.").

For these reasons, the Court finds that the ALJ's assessment of Plaintiff's subjective complaints is free of reversible error. Even if one of the reasons provided could be found inadequate, there are sufficient other reasons provided to support the assessment of Plaintiff's subjective complaints. *See Batson*, 359 F.3d at 1197.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Andrew M. Saul, Commissioner of Social Security, and against Plaintiff Ramona Valdez Pineda.

IT IS SO ORDERED.

Dated: **March 10, 2020**         /s/ *Barbara A. McAuliffe*
                               UNITED STATES MAGISTRATE JUDGE